**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States, | Case No.: 2:95-cr-00324-JAD-1 |
| Plaintiff | |
| v. | **Order Denying Gray's Motion for Clarification** |
| Barry Addison Gray, | [ECF No. 57] |
| Defendant | |

In 1996, Barry Addison Gray pled guilty to armed bank robbery and was sentenced to 235 months imprisonment with five years of supervised release and ordered to pay criminal monetary penalties—$50 for a mandatory penalty assessment and a $5,000 fine.[1] Gray asks for enforcement of the judgment as entered and for clarification that he must pay the court-ordered $5,000 fine during his term of supervised release only, not during his term of confinement.[2] Not only does this court lack jurisdiction to entertain such a request, but the plain language of the judgment shows that Gray is simply wrong. So I deny Gray's motion.

**Discussion**

The court lacks jurisdiction to consider Gray's motion. The Federal Rules of Criminal Procedure don't recognize a motion for clarification. If I liberally construe Gray's motion as one to modify his judgment under 28 U.S.C. § 2255, it would be time-barred under § 2255(f)'s one-year limitations period for such challenges.[3] The government submits that the Federal Bureau of Prisons (BOP) deducts 20 percent of Gray's prisoner savings account because he is enrolled in

---

[1] ECF No. 58-1 (judgment).
[2] ECF No. 57 (motion).
[3] ECF No. 58 at 3–4 (opposition).

the BOP's Inmate Financial Responsibility Program (IFRP), which has allowed the government to collect $2,886.59 since 2004.[4] And if I construe Gray's motion as one challenging his enrollment in and BOP's administration of the IFRP, it would fail because Gray was required to bring this motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and he also didn't comply with administrative-exhaustion requirements for that avenue.[5] So Gray's motion must be denied because this court lacks jurisdiction to grant the type of relief he requests.

But even if this court could grant Gray the type of relief he requests, I would deny his request on its merits because his judgment clearly made the $5,000 fine due "immediately in full," meaning during his incarceration period.[6] The judgment further states at the bottom of Judgment-Page 5 of 6: "[u]nless the court has expressly ordered otherwise . . . **monetary penalties shall be due during the period of imprisonment**."[7] The special conditions of supervision extend that obligation into Gray's term of post-incarceration supervision.[8] Because there is no other order modifying the schedule, Gray's fine began to come due when he began his imprisonment term.[9]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant's motion for clarification **[ECF No. 57] is DENIED.**

---

[4] ECF No. 58 at 2–3.

[5] *Id*. at 4–6.

[6] *See* ECF No. 58-1 at 6.

[7] *Id*. at 6 (emphasis added).

[8] *Id*. at 4.

[9] Gray's misunderstanding of his judgment may come from the fact that he has—and thus submitted with his motion—an incomplete copy of his judgment. *Compare* ECF No. 57-1, *with* ECF No. 58-1. So I order the clerk of this court to mail Gray a copy of the complete judgment.

IT IS FURTHER ORDERED that the Clerk of Court **SEND** the defendant a copy of Gray's judgment **[ECF No. 58-1]** along with this order.

Dated: June 30, 2020

_____
U.S. District Judge Jennifer A. Dorsey